UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARDEN MEADOW, INC.,

     Plaintiff,

v.                    Case No. 8:13-cv-1766-T-33AEP

SMART SOLAR, INC. and
JOHN DOES 1-99,

     Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Smart Solar, Inc.'s Motion for Judgment on the Pleadings (Doc. # 31), filed on February 20, 2014. Plaintiff Garden Meadow, Inc. filed a response in opposition to the Motion (Doc. # 34) on March 19, 2014. For the reasons set forth below and for the reasons stated at the hearing held on May 28, 2014, the Court denies the Motion.

**I.**   **Background**

Beginning in 2003, Garden Meadow, through its principal Sandy Cooper, developed its line of "distinctive solar powered animal lantern works associated with its registered GARDEN MEADOW® trademark." (Doc. # 1 at 19). In 2009, Sandy Cooper created Garden Meadow's work known as "Solar Love Birds," which contains:

> [A]mong other unique features, a combination of certain specific elements: namely solar lighted lanterns with decorative design configurations (e.g. birds, plants, animals, insects, and fish) made from metal with a rusticated brown patina and ornate filigree decorative styling with a distinctive colored foggy film-like insert which, when illuminated, diffused color light . . . emanates from within the sculpture (referred to herein as Garden Meadow's "Trade Dress").

(Id. at ¶¶ 10, 20). According to the Complaint, Garden Meadow's Trade Dress is "unique, arbitrary, non-functional, and inherently distinctive." (Id. at ¶ 25). Garden Meadow purports that at the time it entered into the "solar animal sculpture market," Garden Meadow "was the first to produce a line of solar animal sculptures that incorporated the Trade Dress described herein." (Id. at ¶ 22).

Sandy Cooper received from the United States Copyright Office Certificate of Registration VA 1-680-495 for the "Solar Love Birds" Work, with an Effective Registration Date of July 30, 2009. (Id. at ¶ 13). According to the Complaint, Garden Meadow "has been and is the sole proprietor of all right, title and interest, including copyright, in and to the 'Solar Love Birds' Work." (Id. at ¶ 12).

Garden Meadow submits that it has "continuously used its Trade Dress, and [Garden Meadow] was, at all times, the

exclusive producer of such products and the exclusive user of its distinctive Trade Dress. . . ." (<u>Id.</u> at ¶ 22). Furthermore, Garden Meadow "has extensively advertised and promoted its garden lanterns and décor accessories . . . and maintain[s] a showroom in Shanghai, participat[es] in trade shows, visit[s] buyers at their offices and elsewhere, [and uses] . . . brochures, catalogs, and postcards." (<u>Id.</u> at ¶ 27). As a result of this advertising, promotion, and sales, Garden Meadow's Trade Dress has "acquired secondary meaning so that it identifies [Garden Meadow's] goods, and distinguishes them from goods manufactured by others." (<u>Id.</u> at ¶ 28).

Garden Meadow learned that Defendants Smart Solar and John Does Number 1 through 99 "have been copying, reproducing, manufacturing, importing, distributing, displaying, transmitting, marketing and selling lanterns and other merchandise which are substantially similar to [Garden Meadow's] work." (<u>Id.</u> at ¶ 11). According to the Complaint, Garden Meadow – as "the owner of all right, title and interest in and to its Trade Dress" – has not licensed or otherwise authorized Defendants to reproduce, manufacture, import, display, market, sell, or distribute Garden Meadow's work or any derivative work or to produce, publish, display,

3

distribute, transmit or otherwise use Garden Meadow's Trade Dress in the marketing of the infringing works. (<u>Id.</u> at ¶ 24).

As a result, Garden Meadow initiated this action against Defendants on July 9, 2013, for injunctive relief and civil damages pursuant to 17 U.S.C. § 101 *et. seq.,* alleging Copyright Infringement. (<u>See</u> Doc. # 1). Garden Meadow also alleges Trade Dress Infringement and Unfair Competition in violation of § 43(a) of the Lanham Act. (<u>See id.</u>). On October 11, 2013, Smart Solar filed its answer and alleged the following counterclaims: (1) Declaration of Non-infringement of the '495 Registration; (2) Declaration of Invalidity of '495 Registration; (3) Declaration of Non-infringement of Trade Dress; (4) Declaration of No Valid Trade Dress; and (5) Declaration of No Unfair Competition. (Doc. # 17).

On February 20, 2014, Smart Solar filed its Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure seeking judgment on count I and II of Garden Meadow's Complaint, and counts I, III, IV, and V of its counterclaims. (Doc. # 31). Garden Meadow filed a response in opposition to the Motion on March 19, 2014. (Doc. # 34). Thereafter, on May 28, 2014, this Court conducted oral argument on the Motion.

4

This Court has reviewed the Motion, the response thereto, and the arguments set forth by the parties at oral argument, and is otherwise fully advised in the premises.

## II.  Legal Standard – Fed. R. Civ. P. 12(c)

Judgment on the pleadings is appropriate when "there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998). A fact is "material" if it "might affect the outcome of the suit under the governing [substantive] law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).

A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim upon which relief may be granted. Mergens v. Druyfoos, 166 F.3d 1114, 1117 (11th Cir. 1999). On a motion to dismiss, this Court accepts as true all of the factual allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)("On a motion to dismiss,

the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## III. **Analysis**

### A. **Count I - Copyright Infringement**

Smart Solar claims that Garden Meadow's Complaint fails to state a claim for copyright infringement. (Doc. # 31 at 3). In order to state a claim for copyright infringement, a plaintiff must establish two elements: 1) ownership of a valid copyright and 2) copying by the defendants of elements of the work that are original. Feist Publ'n., Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991).

#### 1. **Ownership**

Under copyright law, only the owner of a work has standing to sue for infringement. <u>Saregama India Ltd. v. Mosley</u>, 635 F.3d 1284, 1297 (11th Cir. 2011). To prove ownership, a plaintiff must show the originality of the work and compliance with the relevant statutory formalities. <u>Bateman v. Mnemonics, Inc.</u>, 79 F.3d 1532, 1541 (11th Cir. 1996). A "certificate of registration made before or within five years after first publication of the work" is prima facie evidence of ownership of a valid copyright. <u>Id.</u>

Smart Solar contends that on the face of the Complaint, the owner of the alleged copyright is Sandy Cooper, not Garden Meadow. (Doc. # 31 at 4). Specifically, paragraph 13 of the Complaint alleges that an assignment of the Copyright Registration to Garden Meadow is evidenced in Exhibit C, however, Exhibit C does not include the assignment. (<u>Id.</u>). Exhibit C contains only the Certificate of Registration given to Sandy Cooper. (Doc. # 1, Ex. C). Therefore, Smart Solar maintains that a conflict exists between paragraph 13 and Exhibit C, and as a result, the information contained in Exhibit C prevails: Sandy Cooper is the owner of the copyright. (Doc. # 31 at 4)(quoting <u>Beeline Entm't Partners, Ltd. v. Cnty. of Orange</u>, 243 F. Supp. 2d 1333, 1336 (M.D. Fla. 2003)("[I]n the event of conflict between the bare

7

allegations of the complaint and any exhibit attached pursuant to Rule 10(c), . . . the exhibit prevails.")).

In response, however, Garden Meadow contends that although it "inadvertently omitted" the assignment documentation in Exhibit C of the Complaint, it is of no consequence, because the Complaint "clearly establish[es] that Garden Meadow is the copyright owner of the Solar Love Birds Work." (Doc. # 34 at 11). Furthermore, Garden Meadow has attached the assignment documentation to its response in order to cure any perceived deficiency. (Doc. # 34-1, Ex. A).

Upon review of the record and taking all the allegations in the Complaint as true, this Court finds that Garden Meadow has sufficiently established ownership of the copyright in question for purposes of the present analysis. Although Garden Meadow did omit the assignment documentation from Exhibit C of the Complaint, the Court does not find this omission to be the equivalent of a conflict, as Smart Solar suggests. Paragraph 12 of the Complaint states: "[Garden Meadow] has been and is the sole proprietor of all right, title and interest, including copyright, in and to the Solar Love Birds Work." (Doc. # 1 at ¶ 12). Irrespective of whether the assignment was attached to the Complaint, the Court

determines that paragraph 12, standing alone, is sufficient to establish ownership at this stage of the proceedings.

### 2. Copying

Copying is generally established by proving that the person who composed the defendant's work had (a) access to the copyrighted material and (b) that there is substantial similarity between the two works. Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1249 (11th Cir. 1999).

### a. Access

Smart Solar alleges that the Complaint merely makes conclusory statements regarding Smart Solar's alleged copying, rather than showing that Smart Solar "had a reasonable opportunity to view" Garden Meadow's claimed work. (Doc. # 31 at 5). Specifically, Smart Solar contends that there are no allegations regarding when Smart Solar viewed the Solar Love Birds Work, where Smart Solar viewed the Solar Love Birds Work, or how Smart Solar viewed the Solar Love Birds Work. (Id. at 5-6). Furthermore, Smart Solar claims that the Complaint does not support a theory of widespread distribution of the Solar Love Birds Work because the Complaint contains no allegation that Garden Meadow has sold or distributed a single copy of the Solar Love Birds Work. (Id. at 6).

Therefore, Smart Solar submits that "[w]ithout any factual allegation beyond the conclusory claim of 'notice,' [Garden Meadow] cannot prove actual copying, and thus, infringement as a matter of law." (Id.)(citing Herzog, 193 F.3d at 1249 (finding for the defendant on a motion for summary judgment where the plaintiff could not prove that the defendant had access to the copyrighted materials); Hill v. Gaylord Entm't, No. 07-60745-CIV, 2008 WL 783756 (S.D. Fla. Mar. 20, 2008) (granting a motion for judgment on the pleadings after finding that plaintiff's complaint did not contain any factual allegations of "copying" of original expression nor any allegations that the copying was "substantial"); Kenney v. Warner Bros. Entm't Inc., No. CIV.A. 13-11068-RGS, 2013 WL 6212593 (D. Mass. Nov. 29, 2013) (dismissing plaintiff's complaint with prejudice as plaintiff failed to plead sufficient facts to show that defendant had anything more than "a bare possibility of access" to his work and plaintiff failed to identify a single instance of publication).

On the other hand, Garden Meadow claims that Smart Solar had access to Garden Meadow's Solar Love Birds Work because the Work is part of a product line that Garden Meadow has

been selling in the marketplace since 2003. (Doc. # 34 at
14). According to the Complaint:

> Garden Meadow sells its line of garden lanterns and
> décor accessories through the hundreds and
> thousands of catalogs and other marketing materials
> it has distributed over the years, as well as
> through marketing at trade shows and showrooms in
> the United States and internationally, and through
> its long-cultivated, specialized, and highly
> valuable knowledge of and relationships with
> decision-makers at certain high volume retailers
> who are customers, or prospective customers, which
> Garden Meadow has developed through research, trial
> and error, and significant investments over many
> years.

(Doc. # 1 at ¶ 21). Therefore, Garden Meadow claims that this
constitutes widespread dissemination of the product, and as
a result, Smart Solar had "a reasonable opportunity to view"
the work. (Doc. # 34 at 14).

Upon review of the record, the Court finds that Garden
Meadow adequately alleges several avenues of advertising and
promotion, as well as the sale of its product in the
marketplace, to demonstrate that a dispute of a material fact
exists as to whether Smart Solar had a reasonable opportunity
to view the Solar Love Birds Work.

### b. Substantial Similarity

In order to receive protection, a plaintiff "must establish specifically that the allegedly infringing work is substantially similar to the plaintiff's work *with regard to its protected elements.*" Leigh v. Warner Bros. Inc., 212 F.3d 1210, 1214 (11th Cir. 2000)(emphasis in original); see Dodd v. Woods, No. 8:09-cv-1872-T-27AEP, 2010 WL 2367140, at *5 (M.D. Fla. May 14, 2010) report and recommendation adopted, No. 8:09-cv-1872-T-27AEP, 2010 WL 2402896 (M.D. Fla. June 14, 2010)(finding that while the plaintiff does not need to plead an abundance of specific facts at the pleading stage, the plaintiff must provide the defendant with "fair notice" of what the claim is and the grounds upon which it rests).

## 1. **Idea vs. Expression**

"Not all copying constitutes infringement." Feist*,* 499 U.S. at 361. "In identifying the protected elements of a plaintiff's work, the court must be mindful of the fundamental axiom that copyright protection does not extend to ideas but only to particular expressions of ideas." Oravec v. Sunny Isles Luxury Ventures, L.C., 527 F.3d 1218, 1224 (11th Cir. 2008). "This distinction — known as the idea/expression dichotomy — can be difficult to apply, as there is no bright line separating the ideas conveyed by a work from the specific expression of those ideas." Id. "The ability to separate

12

protectable expression from non-protectable expression is, in reality, a question of law or, at the very least, a mixed question of law and fact." Intervest Const., Inc. v. Canterbury Estate Homes, Inc., 554 F.3d 914, 920 (11th Cir. 2008).

Here, Smart Solar claims that the descriptions of Garden Meadow's Solar Love Birds Work speak only to non-protectable "ideas," rather than to the particular "expression of ideas," which would be protectable. (Doc. # 31 at 8). Garden Meadow concedes that while the concept of a solar animal lantern is an idea, the actual Solar Love Birds Work, a self-illuminating sculpture/lantern with a bird-like body covered in a filigree-like scroll motif, and made with an artificial rusticated patina finish, would be a protected expression. (Doc. # 34 at 16). From the parties' conflicting positions, this Court finds that a dispute exists as to whether Garden Meadow's Solar Love Birds Work is a protected idea or expression. Thus, the Court determines that it would be more appropriate to address whether Garden Meadow's elements are protected expression at the summary judgment stage of the proceedings when it has the benefit of additional evidence.

## 2. Substantial Similarity

Substantial similarity exists where "an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." Original Appalachian Artworks, Inc. v. Toy Loft, Inc., 684 F.2d 821, 829 (11th Cir. 1982). "An 'average lay observer' presumably is an individual who, without any vested interest in the governing issue, is sufficiently informed and alert to identify precisely the differences in the competing designs, yet sufficiently informed and independent to fairly identify and assess the similarities; that is, at a minimum, neither an engaged expert nor an oblivious passerby." Dream Custom Homes, Inc. v. Modern Day Const., Inc., 773 F. Supp. 2d 1288, 1296 (M.D. Fla. 2011) aff'd, 476 F. App'x 190 (11th Cir. 2012)(quoting Arthur Rutenberg Homes, Inc. v. Maloney, 891 F. Supp. 1560, 1567 (M.D. Fla. 1995)).

Smart Solar requests that the Court utilize a two-pronged test to establish substantial similarity: an objective test and a subjective test. Herzog, 193 F.3d at 1257 (citing Beal v. Paramount Pictures, 806 F. Supp. 963, 967 (N.D. Ga. 1992), aff'd, 20 F.3d 454 (11th Cir. 1994)). However, the Court is mindful that the Herzog court utilized this two-part test when ruling on a motion for summary judgment.

14

In its Motion, Smart Solar claims that both objectively and subjectively, the works are not substantially similar, offering a table comparing the different features of the Solar Love Birds Work and the alleged copied work. (Doc. # 31 at 10). This precise chart gives rise to Garden Meadow's contention that similarities do exist amongst the two products. (Doc. # 34 at 17). As reasonable minds could disagree as to whether the works are substantially similar, a dispute as to material fact exists. Therefore, it would be inappropriate for the Court to grant Smart Solar's Motion. See Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1216 (11th Cir. 2000)(finding that "substantial similarity" is a question of fact).

For the reasons stated above, specifically, as disputes as to material fact still remain, the Court denies Smart Solar's Motion as it relates to count I of the Complaint for copyright infringement.

**B. Count II - Trade Dress Infringement**

**1. Trade Dress Description**

Smart Solar claims that Garden Meadow's description of its purported Trade Dress is too broad to allow for protection. (Doc # 31 at 13). According to Smart Solar, "To establish a claim for trade dress infringement, a plaintiff

15

must articulate the specific elements of the trade dress that make it capable of being an identifier of the producer's source." (Id. at 12). Furthermore, Smart Solar alleges that the elements of Garden Meadow's Trade Dress are too common to the genre of solar lanterns to be protectable. (Id. at 14). To support its contention, Smart Solar cites to Best of Everything of Southwest Florida, Inc. v. Simply the Best, LLC, No. 8:11-cv-1090-T-24, 2011 WL 4634147 (M.D. Fla. 2011), where the court granted defendant's motion to dismiss in part and found that plaintiff's trade dress infringement claim provided only "conclusory allegations and few, if any, facts" that were vague and deprived defendant of fair notice. Id. at *2 ("Trade dress claims across a line of products present special concerns in their ability to artificially limit competition, as such claims are generally broader in scope than claims relating to an individual item.").

To the contrary, Garden Meadow alleges that its Trade Dress description is "neither lacking in specificity nor is it brief," and therefore, it has sufficiently alleged the elements of trade dress. (Doc. # 34 at 17). Furthermore, Garden Meadow claims that Smart Solar presupposes unproven facts not contained in the pleadings or subject to judicial notice when it alleges that elements of the solar lanterns

described by Garden Meadow are "too common to the genre." (Doc. # 34 at 17-18). Garden Meadow submits that Solar Smart is asking the Court to decide a question of fact – whether the elements are "too common to the genre" – which is inappropriate for a motion for judgment on the pleadings. (Id.).

Upon review of the Complaint, the Court finds that Garden Meadow's Complaint provides sufficient description of the elements of its alleged Trade Dress, and as a result, the allegations put Smart Solar on sufficient notice of its alleged Trade Dress, unlike the plaintiff in Best of Everything, 2011 WL 4634147.

## 2. Trade Dress Infringement

In order to prevail on a trade dress infringement claim under § 43(a) of the Lanham Act, the plaintiff must prove three elements: "(1) its trade dress is inherently distinctive or has acquired secondary meaning, (2) its trade dress is primarily non-functional, and (3) the defendant's trade dress is confusingly similar." AmBrit, Inc. v. Kraft, Inc., 812 F.2d 1531, 1535 (11th Cir. 1986).

### a. Inherently Distinctive

Smart Solar alleges that Garden Meadow relies on inherent distinctiveness to support its claim of trade dress

ownership. (Doc. # 31 at 14). However, Smart Solar contends that this is improper as the Supreme Court held in <u>Wal-Mart Stores, Inc. v. Samara Bros., Inc.</u>, 529 U.S. 205, 212 (2000), that product designs can never be "inherently distinctive" for trade dress purposes. In <u>Wal-Mart</u>, the Supreme Court held that "in an action for infringement of unregistered trade dress under § 43(a) of the Lanham Act, a product's design is distinctive, and therefore protectable, only upon a showing of secondary meaning." <u>Wal-Mart Stores, Inc.</u>, 529 U.S. at 216.

### b. Secondary Meaning

Secondary meaning occurs when "in the minds of the public, the primary significance of [trade dress] is to identify the source of the product rather than the product itself." <u>Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC</u>, 702 F.3d 1312, 1322 (11th Cir. 2012)(quoting <u>Wal-Mart Stores, Inc.</u>, 529 U.S. at 211). "Whether or not a mark has acquired secondary meaning is a question of fact." <u>Atlanta Allergy & Asthma Clinic, P.A. v. Allergy & Asthma of Atlanta, LLC</u>, 685 F. Supp. 2d 1360, 1368 (N.D. Ga. 2010).

According to Smart Solar, the Complaint alleges merely that "Garden Meadow has extensively advertised and promoted its garden lanterns and décor accessories . . ., and it has

expended great time, effort, and hundreds of thousands of dollars in connection therewith." (Doc. # 31 at 16). Smart Solar argues that absent from the Complaint is any allegation that this extensive advertising encompasses "image advertising" intended not just to sell the products, but to create secondary meaning. (Id.).

In response, Garden Meadow claims that it has shown secondary meaning not only through its advertising and promotional activities, but also through its allegations that it was the first to introduce its animal lantern sculptures in 2003, and was the only producer of animal lantern sculptures for the next seven years. (Doc. # 1 at ¶¶ 22, 27; Doc. # 34 at 18). Taking the allegations in the Complaint as true, the Court finds that Garden Meadow has demonstrated that a dispute as to a material fact – whether Garden Meadow has established secondary meaning of its Solar Love Birds Work – exists. Thus, the Court declines to make a determination as to whether Garden Meadow has established secondary meaning of the Solar Love Birds Work, at this time.

### c. Functional vs. Non-Functional

Trade dress is protectable under § 43(a) of the Lanham Act only if it is primarily non-functional. AmBrit, Inc., 812 F.2d at 1538. "Functional features are by definition those

likely to be shared by different producers of the same product and therefore are unlikely to identify a particular producer." Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC, 369 F.3d 1197, 1203 (11th Cir. 2004).

Smart Solar alleges that the claimed trade dress features described by Garden Meadow are functional and not protected, and therefore the trade dress claim is implausible on its face. (Doc. # 31 at 18). Conversely, Garden Meadow contends that the Trade Dress is non-functional, and Smart Solar is asking the Court to ignore the Complaint or to determine that the allegations therein are untrue, which is improper when ruling on a motion for judgment on the pleadings. (Doc. # 34 at 19).

On a motion for judgment on the pleadings, the court must accept plaintiff's allegations as true and evaluate all plausible inferences determined from those facts in favor of the plaintiff. Furthermore, whether trade dress is "functional" has been consistently treated as a question of fact. John H. Harland Co. v. Clarke Checks, Inc., 711 F.2d 966, 982 (11th Cir. 1983). Therefore, the Court finds it inappropriate to make a determination as to whether Garden Meadow's alleged Trade Dress is functional or non-functional at this preliminary juncture.

### d. Likelihood of Confusion

"[T]he touchstone test for a violation of § 43(a) is the 'likelihood of confusion' resulting from the defendant's adoption of a trade dress similar to the plaintiff's." AmBrit, Inc., 812 F.2d at 1538. The court looks to several factors, including "the strength of the trade dress, the similarity of design, the similarity of the product, the similarity of retail outlets and purchasers, the similarity of advertising media used, the defendant's intent, and actual confusion." Id.

"The similarity of design is determined by considering the overall impression created by the mark as a whole rather than simply comparing individual features of the marks." Id. at 1540. According to Smart Solar, the side-by-side comparison of the two products shows that the products are not legally or factually similar. (Doc. # 31 at 20). Furthermore, Smart Solar points out that the accused products are marked with a tag bearing the mark "Jaclyn Smith." (Id. at 20-21). Smart Solar offers this fact to show that the accused product does not utilize the Garden Meadow trademark or hold itself out as Garden Meadow. (Id.).

Garden Meadow alleges that Smart Solar is asking the Court to engage in inappropriate fact finding in regards to

the "likelihood of confusion" with respect to Garden Meadow's trade dress claim. (Doc. # 34 at 19). Garden Meadow points out, and Smart Solar concedes, that the likelihood of confusion is generally a question of fact. (Id.; Doc. # 31 at 19). This Court agrees, and therefore, finds it improper to resolve the issue of likelihood of confusion at this time.

For the reasons stated above, the Court denies Smart Solar's Motion as it relates to count II of the Complaint for trade dress infringement.

### C. **Smart Solar's Counterclaims**

In the Motion and response thereto, Smart Solar and Garden Meadow do not specifically address counts I, III, IV, and V of Smart Solar's counterclaims. However, the Court can address the appropriateness of Smart Solar's Motion as to these counterclaims by referencing its analysis above as it relates to count I and count II of the Complaint.

At this juncture, it is inappropriate for this Court to make a declaration of non-infringement of copyright, declaration of non-infringement of trade dress, declaration of no valid trade dress, and declaration of no unfair competition as there are (1) factual disputes that remain and (2) those remaining issues of law would be better addressed at the motion for summary judgment stage of the proceedings

when this Court has the benefit of additional evidence. As a result, the Court denies Smart Solar's Motion as it relates to counts I, III, IV, and V of Smart Solar's counterclaims.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Smart Solar, Inc.'s Motion for Judgment on the Pleadings (Doc. # 31) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>2nd</u> day of June, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record