```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

GARDEN MEADOW,

    Plaintiff,

v.                               Case No. 8:13-cv-1766-T-33AEP

SMART SOLAR, INC. and
JOHN DOES NUMBERS 1 THROUGH 99,

    Defendants.
_____/

## ORDER

This cause comes before the Court pursuant to Plaintiff Garden Meadow, Inc.'s Motion to Reopen Pleadings (Doc. # 39) filed on May 21, 2014. Defendant Smart Solar, Inc. filed a response in opposition to the Motion on June 4, 2014. (Doc. # 43). For the reasons that follow, the Motion is denied.

**I.  Background**

On July 9, 2013, Garden Meadow initiated this action against Defendants for injunctive relief and civil damages pursuant to 17 U.S.C. § 101 *et. seq.*, alleging Copyright Infringement. (See Doc. # 1). Garden Meadow also alleged Trade Dress Infringement and Unfair Competition in violation of § 43(a) of the Lanham Act. (See id.). On October 11, 2013, Smart Solar filed its answer and alleged the following counterclaims: (1) Declaration of Non-infringement of the

'495 Registration; (2) Declaration of Invalidity of '495 Registration; (3) Declaration of Non-infringement of Trade Dress; (4) Declaration of No Valid Trade Dress; and (5) Declaration of No Unfair Competition. (Doc. # 17).

On October 2, 2013, the Court entered a Case Management and Scheduling Order in this matter. (Doc. # 16). That Order imposed a deadline of January 1, 2014, for "Motions to Add Parties or to Amend Pleadings." (Id. at 1).

On May 21, 2014, despite the deadlines listed in the Case Management and Scheduling Order, Garden Meadow filed the instant Motion seeking to "reopen the pleadings by amendment to the Case Management and Scheduling Order up to and including July 28, 2014." (Doc. # 39). Smart Solar filed a response in opposition to the Motion on June 4, 2014. (Doc. # 43). The Court has reviewed the Motion and the response thereto and is otherwise fully advised in the premises.

## II. Discussion

"[A] district court has the inherent authority to manage and control its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Voter Verified, Inc. v. Premier Election Solutions, Inc., No. 6:09-cv-1968-ORL19-KRS, 2010 WL 1049793, at *2 (M.D. Fla. Mar. 22, 2010) (quoting

2

Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009)).

"The grant or denial of an opportunity to amend is within the discretion of the district court." Foman v. Davis, 371 U.S. 178, 182 (1962). While "The Court should freely give leave when justice so requires," a motion to amend filed after the deadline established by the Case Management and Scheduling Order, as in this case, will only be granted upon a showing of good cause under Rule 16(b)(4). To show good cause, a party must establish that, despite his diligence, the deadline could not be met. Sosa v. Airport Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998) (citing Fed. R. Civ. P. 16 Advisory Committee's Note). In addition, leave to amend may be denied if the movant's conduct demonstrates "undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of amendment." Foman, 371 U.S. at 182.

Garden Meadow's Motion is untimely under the Court's Case Management and Scheduling Order. (Doc. # 16). As a result, the good cause standard pursuant to Rule 16(b)(4), Fed. R. Civ. P., must be met before the Court can apply the more liberal Fed. R. Civ. P. 15 standard.

3

Garden Meadow explains that "On February 20, 2014, Garden Meadow propounded discovery upon Smart Solar to which Smart Solar responded on April 7, 2014, identifying Smart Solar, Ltd. as the source of the accused work and that Smart Solar, Inc. acts as Smart Solar, Ltd.'s sales agent." (Doc. # 39 at 2). Therefore, Garden Meadow requests that this Court "reopen the pleadings" and extend the deadline for Garden Meadow to amend its pleadings to July 28, 2014, so that it can "(1) correct any perceived pleading deficiencies; and to (2) add a third-party defendant." (Id. at 4).

To support its position, Garden Meadow submits that "This case is in its infancy with a discovery deadline of October 1, 2014," (id. at 3) and "[d]ue to delays caused by Smart Solar's [vagueness of its discovery responses,] representations regarding the filing of a third-party complaint[,] and the ensuing conflict of interest arising therefrom, Garden Meadow has just begun to litigate this matter to meet the discovery deadline that is over five months away." (Id.). Therefore, Garden Meadow would like this Court to reopen the pleadings and establish a new deadline to amend pleadings to provide Garden Meadow with sufficient time "to discover all relevant facts that would underpin [Garden Meadow's] anticipated amended [c]omplaint." (Id.).

4

In its response, however, Smart Solar contests Garden Meadow's position that this case is in its "infancy," as this case was filed in September of 2013, roughly 9 months ago. (Doc. # 43 at 3). Furthermore, Smart Solar submits that Garden Meadow's Motion fails to address the good cause standard of Fed. R. Civ. P. 16, and for that reason alone the Motion should be denied. (Id.). Even if Garden Meadow did address Fed. R. Civ. P. 16, Smart Solar maintains that Garden Meadow has not acted with the required diligence to establish good cause.

Specifically, according to Smart Solar, Garden Meadow's counsel was notified in July of 2013, that the products in question were designed and sold by Smart Solar, Ltd. (Id. at 4). To that end, Smart Solar argues that "Garden Meadow cannot dispute that both the company and its attorneys knew at the very outset of the case that Smart Solar, Ltd . . . claimed to be the actual supplier to Sears in this instance." (Id. at 5). Further, Smart Solar posits that Garden Meadow has known since February the scope of Smart Solar's challenges to its pleadings, but has failed to diligently seek to correct its deficiencies. (Id. at 6). Therefore, Smart Solar requests that this Court deny Garden Meadow's Motion.

5

Notably, although Garden Meadow acknowledges the January 1, 2014, deadline to add parties and amend pleadings imposed by the Case Management and Scheduling Order, Garden Meadow does not attempt to show good cause for the proposed amendment. Indeed, Garden Meadow seeks leave to amend pursuant to Rule 15(a), and ignores the requirements of Rule 16(b)(4) entirely.

As noted above, Sosa "precludes modification [of a case management deadline] unless the schedule cannot be met despite the diligence of the party seeking the extension." 133 F.3d at 1418. Here, Garden Meadow has neglected to demonstrate that it acted diligently, and, therefore, good cause does not exist to allow leave to amend. The Court's Case Management and Scheduling Order warns, "Motions for an extension of . . . deadlines established in this Order . . . are disfavored." (Doc. # 16). Further, "[t]he Eleventh Circuit has consistently held that motions filed after a deadline imposed by a court should be denied as untimely . . . . The scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Payne v. Ryder Sys., 173 F.R.D. 537, 540 (M.D. Fla. 1997) (internal citations and quotation omitted); Maynard v. Bd. of Regents, 342 F.3d 1281, 1287 (11th Cir.

6

2003) (affirming denial of motion to amend when there was "no good reason why [plaintiff] could not have made the motion earlier" and the plaintiff had not explained his failure to include the amended claim in his original filing).

Upon due consideration, the Court finds that Garden Meadow is not entitled to amend the Complaint and denies the Motion accordingly.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Plaintiff Garden Meadow, Inc.'s Motion to Reopen Pleadings (Doc. # 39) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 6th day of June, 2014.

                                  _____
                                  VIRGINIA M. HERNANDEZ COVINGTON
                                  UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record